UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOGAN LANDRY | * | |
| | * | CIVIL ACTION |
| *Plaintiff,* | * | |
| | * | |
| VERSUS | * | NO.: |
| | * | |
| POSIGEN, INC.; POSIGEN, LLC; | * | JUDGE: |
| POSIGEN GP, LLC; POSIGEN | * | |
| ENERGY EFFICIENCY OF | * | MAGISTRATE: |
| LOUISIANA, LLC; POSIGEN OF | * | |
| LOUISIANA, LLC; AND | * | |
| TOM NEYHART | * | |
| | * | |
| *Defendants* | * | |
| | * | |
| *   *   *   *   *   *   * | | |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW COME** Defendants, PosiGen, Inc., PosiGen, LLC, PosiGen GP, LLC, PosiGen Energy Efficiency of Louisiana, LLC, PosiGen of Louisiana, LLC, and Tom Neyhart, who respectfully remove this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1446. In support of this Notice of Removal, Defendants respectfully aver:

### I.   THE STATE COURT ACTION

1. Defendants are named in a civil suit filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled "Logan Landry v. PosiGen, Inc.; PosiGen, LLC; PosiGen GP, LLC; PosiGen Energy Efficiency of Louisiana, LLC; PosiGen of Louisiana, LLC; and Tom Neyhart," bearing Civil Action No. 774-782, Section "C," on the docket

of that court. The entire state court record, including Plaintiff's Petition for Damages, is attached hereto as Exhibit "1."

2. In the state court action, Plaintiff Logan Landry alleges that he worked for Defendants[1] from June 20, 2014 until he voluntarily resigned August 8, 2016.[2] He alleges that during his employment Defendants changed the location of his principal office from Houma and New Orleans to his detriment;[3] promised him bonuses that were not paid;[4] failed to pay amounts owed in connection with the acquisition of a company in which he was a partial owner;[5] and asked him to "perform unethical, fraudulent, and often illegal conduct," but he refused.[6]

3. Based on the foregoing factual allegations, Plaintiff purports to assert claims against Defendants for breach of his employment contract, breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, intentional infliction of emotional distress, violation of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, detrimental reliance, fraudulent misrepresentation, and conspiracy.

4. Defendants were served with suit on August 15, 2017.[7]

## II.  REMOVAL IS BOTH TIMELY UNDER 28 U.S.C. § 1446 AND PROPER AS THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5. This matter is being removed within thirty days of Defendants' first receipt of Plaintiff's Petition for Damages seeking to commence action against them.[8]

---

[1] Although Defendants are separate persons, Plaintiff impermissibly lumps them all together in his Petition.
[2] Ex. 1 at Pet. ¶¶13, 44.
[3] *Id*. at ¶22.
[4] *Id*. at ¶23.
[5] *Id*. at ¶¶12, 25.
[6] *Id*. at ¶¶ 41, 42.
[7] *See* Citations, contained within the state court record.

6. It is an action in which this Court has original jurisdiction under 28 U.S.C. § 1331, as it asserts a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, which claim arises under the laws of the United States.

7. The Court enjoys supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367, because Plaintiff's claims all are based on the same set of underlying facts and form part of the same case or controversy.

8. In light of the foregoing, this action may be removed pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446.

9. This Court embraces the locality in which the state court action is now pending and, thus, is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

10. In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all adverse parties, and a copy is being filed with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[9]

**WHEREFORE,** Defendants PosiGen, Inc., PosiGen, LLC, PosiGen GP, LLC, PosiGen Energy Efficiency of Louisiana, LLC, PosiGen of Louisiana, LLC, and Tom Neyhart remove this action, pursuant to 28 U.S.C. sections 1331, 1367, 1441, and 1446, from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to this Honorable Court.

---

[8] *See* 28 U.S.C § 1446(b)(2)(B) and Fed. R. Civ. P. 6(a).
[9] *See* Notice to State Court of Removal, filed herein as Exhibit "2."

Respectfully submitted,

**ADAMS AND REESE LLP**

/s *Graham H. Williams* .
ELIZABETH A. ROUSSEL (#27943)
GRAHAM H. WILLIAMS (#36731)
4500 One Shell Square
New Orleans, LA   70139
Telephone:  (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by electronic mail, or by ECF Notice, or by facsimile transmission or by hand delivery today, the 29th day of August, 2017.

Plaintiff Logan Landry
*through his counsel of record*,
Galen M. Hair
John E. Bicknell, Jr.
Sarah M. Kalis
SCOTT, VICKNAIR, HAIR
& CHECKI, LLC
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
hair@vhclaw.com
john@vhclaw.com

/s *Graham H. Williams* .