**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**LOGAN LANDRY**                                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 17-8444**

**POSIGEN, INC. ET AL**                                             **SECTION "B"(5)**

## ORDER AND REASONS

Defendants Posigen, Inc. et al filed a motion for partial summary judgment on damages. Rec. Doc. 95. Plaintiffs filed a response in opposition, and a second response in opposition upon the Court's continuance of the submission deadline. Rec. Doc. 159, Rec. Docs. 186. Defendants sought, and were granted, leave to file a reply. Rec. Doc. 180.

For the reasons discussed below,

**IT IS ORDERED** that defendants' motion for partial summary judgment on damages is **GRANTED in part** and **DENIED in part**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from an employment contract dispute between plaintiff Logan Landry and defendants PosiGen Inc, et al over whether defendants PosiGen violated plaintiff Landry's employment contract by failing to pay him bonuses, award stock options, and forcing him to commute to New Orleans for work. In their amended complaint, plaintiffs bring federal Racketeer Influenced and Corrupt Organizations (RICO) claims against defendants, alleging that defendant Thomas Neyhart, owner, president, and director of

1

PosiGen of Louisiana LLC, has been running a number of fraud schemes involving submitting false tax credit requests to the federal government, fraudulently inducing BLG to sell its customer lists and assets to PosiGen La, and forcing Landry to participate in the tax credit fraud scheme. Rec. Doc. 12. The facts of defendants' alleged scheme are laid out in greater detail in an earlier Order and Reasons issued by this Court and are incorporated by reference here. Rec. Doc. 54.

This Court previously granted in part and denied in part defendants' motion to dismiss the amended complaint. Rec. Doc. 29. Among other things, this Court held that plaintiffs could not base their breach of contract claim on unpaid bonuses as Landry's written employment contract did not obligate defendants to pay him bonuses. Rec. Doc. 54 at 17.

Defendants filed the instant motion for partial summary judgment on damages, arguing that plaintiffs were not entitled to recover certain categories of damages sought in their complaint. Specifically, defendants assert that the following categories of damages sought by plaintiffs should be denied: 1) over $4 million for the value of BLG assets lost when plaintiffs were fraudulently induced by Neyhart to sell BLG's assets to PosiGen LA for $244,975.05; 2) approximately $120,000 for the amount in stock options/bonuses that PosiGen LA never paid to Landry as part of the fraudulently induced agreements that plaintiffs entered into;

2

3) $16,000 or the equivalent of enough Delta Sky Miles to cover the average mileage cost of (2) first class tickets, or 200,000 miles; 4) severe emotional distress caused by having to commute from Houma, Louisiana to New Orleans, Louisiana for work; and 5) attorney's fees. Rec. Doc. 95 at 2. In support of their motion, Defendants argue that plaintiffs have no evidence to prove that BLG's assets were worth more than what PosiGen paid for them and that BLG and PosiGen LA have already settled all disputes relating to the value of the assets. Id. Defendants also assert that plaintiffs are not entitled to recover unpaid bonuses, attorney's fees, or emotional distress damages as a matter of law. Id. at 2-3. Finally, defendants aver that plaintiffs do not have a legal basis to recover the value of any Delta Sky Miles. Id. at 2.

Plaintiffs oppose defendants' motion for summary judgment, asserting that there is sufficient evidence in the record to demonstrate that genuinely disputed material facts exist as to whether defendants paid less than fair market value for BLG's assets. Rec. Doc. 186 at 9-12. Plaintiffs also assert that they are entitled to recover the value of unpaid bonuses, unpaid Delta Sky Miles, attorney's fees and non-pecuniary damages such as for emotional distress or mental anguish. Id. at 12-21.

## THE PARTIES' CONTENTIONS

Defendants seek summary judgment declaring that plaintiffs are not entitled to recover the following categories of damages:

1) the value of BLG assets plaintiffs allege they lost when the assets were allegedly sold below market value to PosiGen La; 2) the value of bonuses that plaintiffs allege PosiGen La did not pay to plaintiffs; 3) the value of Delta Sky Miles plaintiffs allege they are owed; 4) damages for emotional distress; and 5) attorney's fees for plaintiff's breach of contract or detrimental reliance claims. Rec. Doc. 95 at 2.

First, defendants assert that plaintiffs are not entitled to recover damages relating to the alleged underpayment of BLG's assets because plaintiffs have no evidence to prove that the amount PosiGen paid for BLG's assets was below market value. Rec. Doc. 95-1 at 3. Defendants state that plaintiffs have not specified the amount by which PosiGen allegedly underpaid for any particular asset and the expert report provided by plaintiffs is not relevant to this question as it does not provide a valuation of BLG's assets. Rec. Docs. 85-1 at 4, 180 at 2. Additionally, defendants state that BLG and PosiGen La have already agreed to settle all claims relating to the Asset Purchase Agreement (APA), and that plaintiffs are barred from seeking to recover money for the assets as they have not sought to set aside either the APA or the Settlement Agreement. Rec. Doc. 95-1 at 5.

Second, defendants argue that plaintiffs are not entitled to recover any amount for unpaid bonuses as a matter of law because of this Court's Order and Reasons dismissing plaintiffs' claim for

4

unpaid bonuses. Id. Defendants state that because this Court has already determined that defendants were not contractually obligated to pay Landry bonuses, it should now declare that plaintiffs are not entitled to recover the amount of any allegedly unpaid bonuses as a matter of law. Id. at 6.

Third, defendants argue that plaintiffs do not have a legal claim for recovery of the value of any Delta Sky Miles because the Amended Complaint states that defendants never confirmed an arrangement to provide Landry with the miles and therefore no defendant was obliged to give him any Delta Sky Miles. Id.

Fourth, defendants assert that plaintiffs are not entitled to recover attorneys' fees because a plaintiff is not legally entitled to attorney's fees for breach of contract and detrimental reliance claims unless they are provided by the contract or a statute. Id. at 7. Because Landry's employment agreement with PosiGen La does not provide for him to recovery attorney's fees and there is no statutory basis for the recovery of attorney's fees, defendants argue that the Court should declare that plaintiffs' attorneys' fees are not recoverable as a matter of law. Id.

Fifth, defendants state that plaintiffs are not entitled to recover emotional distress damages on their remaining claims for breach of contract, RICO, or detrimental reliance. Id. 7-9. Defendants reference the argument in their pending motion for summary judgment on liability, which states that emotional

distress damages are not typically available in breach of contract actions except where the contract was intended to gratify a non-pecuniary interest, or the breach was intended to aggrieve the feelings of the other party. Rec. Doc. 94-1 at 22-23. Because this case is not among the rare breach of contract cases that meet this requirement, and Landry cannot prove that he suffered financially as a result of his commute since defendants paid for his car note and reimbursed his fuel, defendants argue that plaintiffs are not entitled to emotional distress damages as a matter of law. Id. Defendants state that RICO plaintiffs can only recover for injuries to business or property and courts have held that mental suffering is not a proper basis of recovery because it is not an injury to business or property. Id. at 8. Defendants also argue that Louisiana courts have interpreted La. Civ. Code art. 1967, which governs detrimental reliance claims, as limited to economic damages and not including damages for emotional distress. Id. at 9.

Plaintiffs dispute defendants' characterizations and argue that they have met their burden of demonstrating that a genuine dispute of material facts exists at the summary judgment stage and therefore should be permitted to seek damages for all five categories.[1] Rec. Doc. 186. First, plaintiffs argue that a genuine

---

[1] Plaintiffs argue that defendants' motion for summary judgment is premature because of recently provided discovery. Given the magistrate judge's ruling on the discovery dispute referenced in the instant motion, this argument

issue of material fact exists in the record regarding the issue of whether PosiGen La paid less than fair market value for BLG's assets. Rec. Doc. 186 at 9. Plaintiffs assert that the supplemental report provided by their expert Ralph Litolff calculated the fair market value of a 100% interest in BLG at approximately $1,251,995.00 to $1,878,659.00 and the fair market value of a 31.67% interest in BLG at approximately $396,507.00 to $594,971.00. Id. Additionally, plaintiffs state that defendants' chief legal officer, Ben Norwood, stated in his deposition that plaintiffs and defendants had different opinions on the valuation of BLG assets and that PosiGen did not include certain assets in its ultimate valuation. Id. Landry also stated in his deposition that he agreed to sell BLG assets to PosiGen below market price as part of a career compensation package. Id. at 9-10. Therefore, plaintiffs aver that there is clear evidence in the record demonstrating a genuine issue of material fact as to whether defendants paid less than fair market value for BLG assets and summary judgment is improper. Id. at 10. Plaintiffs also argue that the Settlement and Final Payment Release agreement they entered into with PosiGen does not bar their claim for damages as it only concerned the payments still owed to plaintiffs pursuant to the BLG asset purchase agreement. Id. The agreement does not

---

fails and this Court will consider defendants' motion for partial summary judgment on damages.

7

affect plaintiffs' argument that the asset purchase agreement itself is invalid as they were fraudulently induced into entering it. Id.

Second, plaintiffs argue that they are entitled to recover the value of unpaid bonuses under their RICO and detrimental reliance claims. Id. at 12. Plaintiffs assert that this Court's prior Order and Reasons only dismissed their claim for unpaid bonuses in relation to Landry's breach of contract claim and therefore their claim for unpaid bonuses as it relates to other existing claims is still viable. Id. at 13.

Third, plaintiffs assert that they are genuine issues of material fact exist regarding the value of the unpaid Delta Sky Miles and Landry's entitlement to recover the value of these miles. Id. at 14. Plaintiffs argue the paragraphs in their Amended complaint that defendants allege acknowledge that defendants were not obliged to give plaintiffs Delta Sky Miles were misconstrued and do not actually relate to the agreement regarding Delta Sky Miles. Id. Therefore, plaintiffs assert that they are entitled to the Delta Sky Miles, and that their expert has provided evidence as to the value of the Miles. Id. at 14-15.

Fourth, plaintiffs assert that they are entitled to recover attorneys' fees pursuant to their RICO claim. Id. at 15. Plaintiffs state that they are only asserting a claim for attorneys' fees under RICO and not under their breach of contract or detrimental

claims, and therefore defendants' objections are irrelevant. Id. at 16.

Fifth, plaintiffs argue that non-pecuniary damages, such as damages for emotional distress or mental anguish, are recoverable under Louisiana law in a suit for fraud. Id. Plaintiffs state that the crux of their case is the allegation of fraud against defendant, for which Louisiana law allows the recovery of damages for emotional distress. Id. at 17. Plaintiffs assert that Mr. Landry suffered emotional distress related to the time he was forced to spend away from his family because of his lengthened commute and resulting from defendants' fraudulent actions. Id. at 20-21.

## **LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using

9

competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

A. <u>Plaintiffs have not demonstrated a genuine dispute of material fact as to the alleged underpayment of BLG's assets</u>

Plaintiffs have not demonstrated that a genuine dispute exists in the record as to the alleged underpayment of BLG's assets. In their amended complaint, plaintiffs allege that defendants induced them to sell BLG assets, including physical assets and its customer lists and customer leads, "for below market cost." Rec. Doc. 12 at 9. Plaintiffs cite three pieces of evidence in support of their contention that a genuine dispute exists as to whether PosiGen La underpaid for BLG's assets. First, plaintiffs assert that the supplemental report issued by their expert Ralph Litolff provides a valuation of a 100% interest in BLG and a 31.67% interest in BLG. Rec. Doc. 186 at 9. Although defendants have a pending motion to exclude Litolff's testimony at trial, the report

is not relevant to the issue before the Court presently. As defendants note, Litolff's supplemental report provides a valuation of an *interest* in BLG, which does not affect plaintiffs' allegations about defendants paying below fair market value for BLG's assets. Neither party alleges that defendants purchased an interest in BLG, but rather that assets, including physical equipment and customer lists, were sold by plaintiffs to defendants. Therefore, the relevant consideration would be a valuation of the assets themselves. Neither Litolff's report, nor any other document in the record, provides evidence of the difference in value between what defendants paid for BLG's assets and the fair market value of those assets. Second, plaintiffs assert that Norwood, defendants' Chief Legal Officer, testified during his deposition that there were pieces of BLG equipment that did not have value or use to PosiGen La. Rec. Doc. 186-9 at 2. Again, this does not provide evidence that PosiGen underpaid plaintiffs for their assets. Plaintiffs are seeking damages for the value of BLG's assets they allege they lost when the assets were sold to PosiGen La. The proffered testimony of Norwood, which may show that the parties had different uses and therefore different personal valuations of the assets, does not provide evidence that the amount PosiGen paid BLG for its assets was less than its actual worth. Rec. Doc. 186 at 9. Third, plaintiffs assert that in his declaration Landry stated that he sold the BLG assets

below market price. Rec. Doc. 186-4 at 2. The Fifth Circuit has held that a "nonmovant must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists." *Peterson v. Brookshire Grocery Co.*, 2018 WL 5920410, at *2 (5th Cir. 2018) (citing *Hathaway v. Bazany,* 507 F.3d 312 (5th Cir. 2007)). Plaintiffs' repetition of their allegation in the pleading does not prove that a genuine issue of material fact exists because it provides no evidence of the actual or market value of BLG's assets. Furthermore, "a party cannot defeat summary judgment with conclusory allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Peterson* at 2. Plaintiffs offer no support for their assertion, and therefore their conclusory allegation concerning the value of BLG assets is not sufficient to defeat summary judgment. Because plaintiffs bear the burden of proof at trial, defendants "may merely point to an absence of evidence" to succeed on a motion for summary judgment. *Lindsey*, 16 F.3d at 618. Defendants have successfully shown that plaintiffs have provided no evidence as to the fair market value of BLG assets, and therefore have not met their burden of establishing a genuine dispute as to material fact. Therefore, summary judgment in favor of defendants is proper as to this category of damages.

Because the Court finds that defendants have met their burden, it is not necessary to consider defendants' argument that

12

plaintiffs' settlement agreement bars them from recovering damages for the BLG assets.

B. <u>Plaintiffs may be entitled to recover unpaid bonuses</u>

Plaintiffs have provided sufficient evidence to demonstrate a genuine dispute of material fact as to their claim for damages relating to unpaid bonuses under their RICO and detrimental reliance claims. Defendants argue in the instant motion that because of this Court's previous Order and Reasons finding that Landry's employment contract did not obligate defendants to pay him bonuses, it should now declare that plaintiffs are not entitled to recover the amount of any alleged unpaid bonuses as a matter of law. Rec. Doc. 95-1 at 5-6. In the previous Order and Reasons, this Court held that "because the employment contract does not obligate Defendants to pay Landry bonuses, Plaintiffs cannot base their breach of contract claim on unpaid bonuses." Rec. Doc. 54 at 17. However, as plaintiffs note in their opposition, the Court's order did not prevent plaintiffs from seeking damages for unpaid bonuses on claims other than their breach of contract claim. In fact, in a footnote, this Court noted that although Landry's employment contract does not entitle him to performance bonuses, plaintiffs plead various other times when Landry was promised bonus payments. Id. at 20, FN1. Therefore, this Court stated that "while Landry cannot rely on the employment contract to support a claim for unpaid bonuses, Plaintiffs still state a claim for detrimental

13

reliance based on Landry's reasonable reliance on subsequent promises." Id.

Plaintiffs assert that Landry is entitled to recover the value of unpaid bonuses under his RICO and detrimental reliance claims. Rec. Doc. 186 at 12. Defendants dispute this, arguing that the alleged unpaid bonuses are not "harm occasioned as a result of the predicate acts" of plaintiffs' RICO claim and that plaintiffs cannot prove that Landry lost the right to receive bonuses based on his reliance on any alleged misrepresentation. Rec. Doc. 180 at 5. Plaintiffs argue that there is evidence in the record demonstrating that genuine issues of material fact exist as to whether they may recover damages for unpaid bonuses on their RICO claims and detrimental reliance claims. Specifically, plaintiffs cite to Landry's deposition testimony in which he testified that the parties negotiated for stock and bonus, and exhibits indicating that bonuses may have been agreed to by the parties. Id. at 13. A review of the record shows that plaintiffs have demonstrated, albeit minimally, that a genuine factual issue exists as to whether defendants promised plaintiffs the payment of bonuses. Plaintiffs provide copies of a letter from defendants referencing a "bonus program", Rec. Doc. 186-5 at 32, and email correspondence between Landry and defendants in which Landry discusses a "bonus of 30% salary", Rec. Doc. 186-5 at 45. At this stage, plaintiffs do not need to prove that defendants owed Landry bonuses, they simply

14

need to demonstrate that there exists a genuine dispute as to a material fact. Plaintiffs have provided sufficient evidence in the record to demonstrate that such a dispute exists. This Court previously only held that PosiGen La did not have a contractual obligation to pay Landry bonuses, not that defendants had not promised to pay Landry bonuses at another time. Therefore, if the Court ultimately finds that defendants did owe Landry bonuses, then plaintiffs may have a claim for damages under their RICO or detrimental reliance claim. It is not for the Court to weigh the sufficiency of plaintiffs' evidence at this stage, no matter how weak that evidence may appear. Because a genuine dispute exists, plaintiffs may proceed past the summary judgment stage.

C. <u>Plaintiffs have no legal basis to claim recovery of Delta Sky Miles</u>

Plaintiffs provide no legal basis to claim the value of Delta Sky Miles as damages. Plaintiffs reference Delta Sky Miles in paragraphs 98 and 99 of their amended complaint. Rec. Doc. 12 at 17-18. In paragraph 98 plaintiffs allege that Neyhart offered Landry a settlement agreement during breakfast on August 1, 2016 that included, among other things, "$16,000 or the equivalent of enough Delta Sky Miles to cover the average mileage cost of (2) first class tickets, or 200,000 miles." Id. at 17. Plaintiffs assert in Paragraph 99 that Neyhart did not confirm the full agreement in writing but sent "an email to PosiGen's Human

15

Resources Department, instructing that Landry would be compensated for his 2014 bonus in the form of six (6) first class domestic Delta Airline tickets. . ." Id. at 18. In Paragraph 101, plaintiffs then state that "since Neyhart never confirmed the 2016 arrangement and neither Posigen nor Neyhart fulfilled their end of the bargain, the compromise is no longer in effect and Landry requests the full amount." Id. In their opposition plaintiffs state that paragraph 101 does not relate to the agreement regarding Delta Sky Miles described in paragraphs 98 and 99. The Court does not see any other way to read paragraph 101, which specifically references the 2016 arrangement, except as related to the paragraphs immediately preceding it that discuss the 2016 conversation in which Neyhart allegedly promised to compensate Landry with Delta Sky Miles. Plaintiffs do not provide any further explanation in their response as to what other 2016 agreement paragraph 100 might be referencing. Therefore, a logical reading of plaintiffs' Amended Complaint indicates that plaintiffs are pleading that the 2016 compromise in which Neyhart allegedly promised Delta Sky Miles as compensation to Landry is not in effect and Landry instead is seeking the full compensation he believes he is owed for his work. The Amended Complaint does not demonstrate a basis for plaintiffs' claim for the value of the Delta Sky Miles as damages and therefore defendants are granted summary judgment on this category of damages.

D. <u>Plaintiffs may be entitled to recover attorneys' fees pursuant to their RICO claim</u>

Plaintiffs may be entitled to recover attorneys' fees under their RICO claim. Defendants argue in the instant motion that plaintiffs are not entitled to recover attorneys' fees on their breach of contract or detrimental reliance claims, which plaintiffs do not dispute in their response. Rather, plaintiffs assert that their claim for attorneys' fees arises under their RICO claims pursuant to 18 U.S.C. § 1964(c). The statute states that:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, *including a reasonable attorney's fee*, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962

18 U.S.C. § 1964(c) (emphasis added). Therefore, if plaintiffs succeed on their RICO claims, they will be entitled to recover attorneys' fees from defendants. Defendants' motion for summary judgment concerning this category of damages is denied.

E. <u>Plaintiffs may not recover emotional distress damages on a fraud claim</u>

Plaintiffs are not entitled to recover emotional distress damages on a fraud claim. Defendants argue in the instant motion

17

that plaintiffs are not entitled to recover damages for alleged emotional distress based on their breach of contract, RICO, or detrimental reliance claims. Rec. Doc. 95-1 at 7-8. Plaintiffs do not dispute this in their response but rather argue that they can recover non-pecuniary damages, such as for mental anguish, under their claim for fraud. Rec. Doc. 186 at 16. Defendants reject this argument, stating that plaintiffs did not state a claim for fraud in their Amended Complaint, and if they had, it would have been time-barred as was their earlier fraudulent inducement claim that this Court dismissed as time-barred. Rec. Doc. 180 at 6-7. As defendants note, this Court dismissed plaintiffs' fraudulent inducement claim, in which plaintiffs alleged that they had been fraudulently induced into selling BLG's assets below market rate, because it was brought after the one-year prescriptive period had elapsed. Rec. Doc. 54 at 21. Therefore, plaintiffs are not entitled to damages based on this fraud claim. As defendants note, plaintiffs have not pled another claim for fraud, and if they had, those would similarly have been time-barred as it has been longer than a year since plaintiffs allege Landry learned of defendants' fraudulent activities or was required to commute to New Orleans, Louisiana. Therefore, plaintiffs are not entitled to recover

damages for emotional distress and defendants are granted summary judgment on this category of damages.[2]

New Orleans, Louisiana, this 8th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Although plaintiffs do not explicitly state that they seek emotional distress damages on their breach of contract claim, in their opposition they reference the fact that Louisiana state courts have held that mental anguish damages are recoverable in breach of contract cases "when the contract . . . is intended to gratify a nonpecuniary interest . . . [or] when the obligor intended, through his failure, to aggrieve the feelings of the oblige." Rec. Doc. 186 at 17. Plaintiffs offer no evidence that Mr. Landry's employment contract with PosiGen was intended to gratify a nonpecuniary interest or that defendants intended to aggrieve his feelings, and therefore are not entitled to recover damages on this basis either.